JONES *v.* WALSH.

(Division A.   Feb. 22, 1943.)

[11 So. (2d), 908.   No. 35279.]

F. D. Hewitt, of McComb, for appellant.

Jack H. Ewing, of Liberty, and J. T. Lowrey, of Gloster, for appellees.

**Gordon & Gordon** of Liberty, for Farmers Exchange Bank.

Argued orally by **F. D. Hewitt**, for appellant, and by **J. T. Lowrey**, for appellee.

**Roberds, J.**, delivered the opinion of the court.

The Farmers Exchange Bank of Centreville, Mississippi, filed a bill of interpleader, making defendants thereto Mrs. Walsh, administratrix of the estate of Riley Richardson Short, deceased, and Mrs. Beulah Jones, a daughter of decedent. The bill alleged that on September 3, 1942, the date of the death of R. R. Short, and for over a year prior thereto, Mr. Short had to his credit in a checking account in said bank $1,200.51; that on or about August 27, 1942, a Mrs. Cummings, daughter of Mrs. Jones, brought to said bank for Mrs. Jones a check payable to Mrs. Jones or her order for, and also a written assignment to Mrs. Jones of, said fund, both being dated July 27, 1942, and purportedly signed by R. R. Short. Copies of the check and the assignment were set out in the bill. The bank did not pay the check, it was asserted, because it was not certain that the check bore the genuine signature of Short, and it was not endorsed by Mrs. Jones, the payee; that both instruments were left with and remained at the bank and the originals were tendered with the bill of interpleader.

The bill prayed that the chancery court adjudicate whether the bank should pay this fund to the administratrix or to Mrs. Jones.

Mrs. Jones answered this bill, asserting that both instruments were genuine and were duly delivered to her during the lifetime of Mr. Short and were intended by Short as payment to her for her trouble and services in nursing and caring for him for a number of years, and that by virtue of these instruments this money belonged to her. Mrs. Walsh, as administratrix, and also as a daughter and one of the heirs of Short, and a Mrs. Stratton, another daughter and heir of Short, by answers to the bill of interpleader and the claims of Mrs. Jones, took issue upon the legal effect of the check and assignment, and further said they did not bear the genuine signature of Mr. Short, or, if they did, their execution was the result of undue influence on the part of Mrs. Jones, and further that Mr. Short was a very old man and lacked the mental capacity to legally execute these documents.

The administratrix, by a written instrument filed in the cause, suggested to the court that the decedent had other heirs-at-law and that these should be made parties to this proceeding. The record does not show what action, if any, was taken upon that suggestion. The suggestion, of course, should have been overruled. It is the right and duty of the administratrix to recover and possess all personal property of the estate.

The administratrix also filed a motion to strike the interpleader on the grounds (1) that the fund was the property of the estate of Short and the administratrix was entitled thereto; and (2) that Mrs. Jones should be required to probate her claim against the estate.

There was a written agreement between the parties that the cause be tried in vacation "and that the court may hear and decide said case on its merits, and a final decree entered therein as against all parties."

When the time came to offer proof, the chancellor made this statement: "The Court will hear only on this motion the question of whether or not the $1,200.51 now in the hands of the Farmers Exchange Bank of Centreville to the

deposit of Mr. Riley R. Short on his death should be paid to the administratrix."

Thereupon, the administratrix made proof of her appointment as such and rested.

The bank then offered proof in support of the allegations of its bill, which proof further showed that Mrs. Cummings, when she brought this check and assignment to the bank, did not then demand payment of the money.

Mrs. Jones then offered to prove by the witnesses to the check and assignment that these instruments were duly executed by Mr. Short and delivered to her and that they were valid and had the legal effect of transferring and assigning to her this money during the lifetime of Mr. Short. Counsel for the other claimants objected and the court sustained the objection to this evidence "because it is not a proper inquiry, the court doesn't undertake to say whether or not Mrs. Jones be finally given this but on this inquiry the court will sustain the objection because he does not think that it is a proper inquiry." Notwithstanding this ruling of the court sufficient of the testimony of these witnesses to these instruments and of Mrs. Jones herself got into the record to show their due execution by Mr. Short for a sufficient consideration. The other claimants offered no further proof. The chancellor thereupon sustained the motion to strike the bill of interpleader.

Apparently the chancellor had the idea that the administratrix should be paid this money merely because it was to the credit of Mr. Short at the time of his death, regardless who might be the rightful and equitable owner thereof.

The ownership of this fund is the deciding question in the case. If it is the property of the estate, it should be paid the administratrix. If it belongs to Mrs. Jones, it should be paid to her. A claim of Mrs. Jones against the estate would contradict her claim as owner of the money. The bill was good as a bill of interpleader and since it was stricken on a motion of the administratrix and the evi-

dence offered by Mrs. Jones was excluded on the motion of the administratrix and the agreement was to hear and decide the merits, and apparently the assignment effectively transferred to Mrs. Jones the money, we would be justified in awarding it to her here and would do so except for our strong desire to have all of the pertinent facts pertaining to the execution and validity of the check and assignments fully developed. For these reasons and for this purpose, we reverse and remand the cause.

Reversed and remanded.